IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL J. GILLEY, AIS # 334630,    )
                                   )
          Petitioner,              )
                                   )
     v.                            )    CASE NO. 1:26-CV-284-WKW
                                   )            [WO]
THEODORE WILLIAMS,                 )
                                   )
          Respondent.              )

## **ORDER**

On April 16, 2026,[1] Petitioner Daniel J. Gilley filed the instant 28 U.S.C.

§ 2254 Petition for a Writ of Habeas Corpus.  (Doc. # 1.)  Petitioner challenges his

2023 guilty-plea convictions for two counts of production of child pornography and

the resulting concurrent 22-year sentences imposed by the Circuit Court of Dale

County, Alabama.  (*See* Doc. # 1 at 1); *State v. Gilley*, CC-2022-000189.00 (Dale

Cnty. Cir. Ct.); *State v. Gilley*, CC-2022-000190.00 (Dale Cnty. Cir. Ct.).  In his

§ 2254 petition and the attachments thereto, Petitioner alleges five grounds for relief.

(*See* Doc. # 1 at 5–12; Doc. # 1-1 at 7–17.)

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).  Petitioner signed his petition under penalty of perjury and dated it "4/16/26."  (Doc. # 1 at 15.)  Therefore, even though his habeas petition was not received and docketed by the court until April 23, 2026, his petition is deemed filed on April 16, 2026.

On May 18, 2026, Respondent Theodore Williams filed an answer to the § 2254 petition and submitted Exhibits A–L. (Doc. # 12.) In his answer, Respondent primarily argues that the petition should be dismissed with prejudice because it is time-barred. (*See* Doc. # 12 at 3–7.) In support of Respondent's contention that the petition is time-barred, he references Petitioner's Rule 32 petition filed in July 2024. (Doc. # 12 at 5.) However, an independent review of Petitioner's postconviction proceedings at the trial court level has revealed that Respondent failed to provide a complete picture of Petitioner's postconviction proceedings. In an attachment to his petition, Petitioner provided a document titled, "Timeline of Filing." (Doc. # 1-1 at 1.) This document alone should have indicated to Respondent that there was more to Petitioner's postconviction proceedings than a single Rule 32 petition or, at least, should have prompted Respondent to search for additional postconviction filings. In his answer, Respondent does not acknowledge Petitioner's timeline let alone refute Petitioner's contentions as to why his petition is timely filed.

Based upon a review of the § 2254 record and pursuant to Rule 7(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, Respondent is DIRECTED to file no later than **July 20, 2026**, and serve Petitioner with a complete record, containing pertinent filings from all of Petitioner's postconviction proceedings with a descriptive index identifying each item. Respondent must also address in detail whether, in light of these additional

2

postconviction proceedings, the § 2254 petition is timely and must do so on or before

**July 20, 2026**.  It is further ORDERED that on or before **August 3, 2026**, Petitioner

may either "admit or deny the correctness" of,[2] or otherwise respond to,

Respondent's filings as directed in this Order.  If Petitioner fails to respond by the

deadline, that failure to respond will be considered an admission of the correctness

of Respondent's filings.

DONE this 6th day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[2] *See* Rule 7(c), *Rules Governing Section 2254 Cases in the United States District Court*.