IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL J. GILLEY, AIS # 334630, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-CV-284-WKW |
| | ) | [WO] |
| THEODORE WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

## I. INTRODUCTION

Petitioner Daniel J. Gilley, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. # 1.) Petitioner challenges his 2023 guilty-plea convictions for two counts of production of child pornography and the resulting concurrent 22-year sentences imposed by the Circuit Court of Dale County, Alabama. *See State v. Gilley*, CC-2022-000189.00; CC-2022-000190.00 (Dale Cnty. Cir. Ct.). Respondent Theodore Williams, the warden of Easterling Correctional Facility, filed an answer to the petition. (Doc. # 12.) Petitioner filed a reply. (Doc. # 17.) As ordered (Docs. # 20, 28), Respondent filed supplemental briefing (Docs. # 22, 31).

Because the state-court record reflecting Petitioner's myriad postconviction filings is difficult to plow through and because 28 U.S.C. § 2244(d)(1)(A)'s time bar

is not jurisdictional, *see Holland v. Florida*, 560 U.S. 631, 645–46 (2010), the timeliness of Petitioner's federal habeas petition will not be addressed. For the reasons set forth herein, there is no relief available to Petitioner under 28 U.S.C. § 2254. The § 2254 petition will be dismissed with prejudice, and no evidentiary hearing is warranted. *See* Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner also will be denied a certificate of appealability.

## II. SUBJECT MATTER JURISDICTION AND VENUE

Under 28 U.S.C. § 2254(a), federal district courts have the authority to consider an application for a writ of habeas corpus on behalf of an individual in state custody pursuant to a state-court judgment but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This provision limits authority, rather than conferring it, with habeas jurisdiction established by 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Under § 2241, federal district courts have the power to grant writs of habeas corpus "within their respective jurisdictions," § 2241(a), when a state-convicted prisoner "is in custody in violation of the Constitution, " § 2241(c)(3). The "in-custody" requirement mandates "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). Furthermore, § 2241(d), referred to as a "venue provision," "gives the petitioner 'the option of

seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located.'" *Dobard v. Johnson*, 749 F.2d 1503, 1509–10 (11th Cir. 1985) (Clark, J., dissenting) (citation omitted).

Petitioner was in custody under a state-court judgment when he filed this petition. Additionally, at the time of filing, Petitioner was incarcerated in a state prison located in the Middle District of Alabama under conviction and sentence of a state court in this district. Accordingly, this court has subject matter jurisdiction to consider his petition, and venue is proper.

## III. BACKGROUND

Review of Petitioner's state-court records reveals a multitude of postconviction filings, including state habeas petitions (all of which were construed as Rule 32 petitions), an actual Rule 32 petition, mandamus petitions, postjudgment motions, and declaratory-relief actions.[1] For brevity purposes, this background section does not account for every one of Petitioner's postconviction filings. Instead, this section is truncated to include only the procedural history relevant to deciding

[1] Public records of Petitioner's state-court proceedings are available on Alacourt (https://v2.alacourt.com/), which provides online access to the State of Alabama's trial-court records. A federal court may take judicial notice of state-court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020) (per curiam); Fed. R. Evid. 201(b)(2).

Petitioner's federal habeas petition: his guilty pleas; his actual (not construed) Rule 32 petition; and the instant federal habeas petition, along with responsive pleadings.[2]

## A. State-Court Proceedings: Petitioner's Guilty Pleas

On August 7, 2023, Petitioner pleaded guilty to two counts of production of child pornography,[3] in violation of Alabama Code § 13A-12-197. (Doc. # 12-12.) He was sentenced to two 22-year terms of imprisonment, to be served concurrently. (Doc. # 12-12) Petitioner did not file a direct appeal.

## B. State Postconviction Proceedings: Pertinent Rule 32 Petition

On July 8, 2024,[4] Petitioner filed a Petition for Relief from Conviction or Sentence Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. # 12-1; Doc. # 12-3); *see State v. Gilley*, CC-2022-000189.60; CC-2022-000190.60

[2] Inclusion of Petitioner's additional postconviction filings is unnecessary because none of those filings contains any of the claims on which Petitioner now seeks federal habeas review and relief.

[3] As part of Petitioner's negotiated plea agreement, 11 cases against him—two for production of child pornography and nine for possession of child pornography—were dismissed. (*See* Doc. # 12-12.)

[4] Petitioner dated his first Rule 32 petition "5/3/24." (Doc. # 12-1 at 8.) However, in response to question 18 on the standardized Rule 32 petition form, which asks "What date is this petition being mailed?" Petitioner wrote, "7/8/2024." (Doc. # 12-1 at 7.) Moreover, in his federal habeas petition, Petitioner identified the filing date of his first Rule 32 petition as "7/15/24 (mailed on 7/8/24)." (Doc. # 1 at 4; *see also* Doc. # 1-1 at 1 (stating that, "[o]n July 8, 2024[,] Gilley mailed his Rule 32 petition to be filed in Dale County, CC-22-189.60; 190.60").) "Alabama courts have held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002); *cf. Beamon v. State*, 204 So. 3d 1, 2 n.2 (Ala. Crim. App. 2014) (depriving a petitioner who failed to respond to question 18 of the benefits of the "prison mailbox rule"). Accordingly, Petitioner's first Rule 32 petition is deemed filed on July 8, 2024, the date he wrote in response to question 18 on the standardized petition form.

(Dale Cnty. Cir. Ct.). In his Rule 32 petition, Petitioner argued (1) that the trial court lacked personal and subject matter jurisdiction (Doc. # 12-1 at 11–12); (2) that he was denied effective assistance of counsel because counsel (a) failed to investigate and know that the trial court was without jurisdiction (Doc. # 12-1 at 9–10), (b) failed to file a motion to dismiss his child pornography charges based on insufficient affidavits/complaints (Doc. # 12-1 at 13), (c) failed to file a motion to suppress evidence obtained using insufficient affidavits (Doc. # 12-1 at 14), (d) failed to file a motion to obtain a forensic voice comparison expert (Doc. # 12-1 at 15–17), (e) failed to file a motion to suppress any information and evidence obtained during law enforcement agents' interviews with Petitioner after he had asserted his right to counsel (Doc. # 12-1 at 18–21), and (f) failed to file a motion to suppress evidence and information gathered from Petitioner's phone because it was obtained after his "illegal" arrest (Doc. # 12-1 at 22–25); and (3) that the trial court did not have jurisdiction to render judgment or impose sentence due to illegal process (Doc. # 12-1 at 26–28; Doc. # 12-3). The State filed a response and moved to dismiss the Rule 32 petition. On November 14, 2024, the trial court granted the State's motion and dismissed the Rule 32 petition. (Doc. # 12-2.)

Petitioner filed a notice of appeal to the Alabama Court of Criminal Appeals (ACCA), dated December 6, 2024. (Doc. # 22-14 at 12–13.) Petitioner, represented by counsel, raised only one issue in his appellate brief: that the trial court abused its

discretion in dismissing his Rule 32 petition because his claim of ineffective assistance of counsel had merit. (Doc. # 12-4.) Specifically, Petitioner argued that his trial counsel was ineffective because counsel "did not petition the trial court to provide funds to obtain an expert witness, specifically a Forensic Voice Comparison Expert." (Doc. # 12-4 at 12.) In an unpublished memorandum decision dated August 15, 2025, the ACCA affirmed the trial court's dismissal of Petitioner's Rule 32 petition, finding that Petitioner did not adequately plead his ineffective-assistance claim:

> Gilley did not identify by name the expert witness that his counsel should have sought funds for, did not set out with specificity the testimony the expert would have given, and did not plead that the named expert was both willing and available to testify at trial. Thus, the claim was inadequately pleaded, and the circuit court did not err in summarily dismissing it.

(Doc. # 12-7 at 4–5.)

Petitioner filed an application for rehearing (Doc. # 12-8), which the ACCA overruled (Doc. # 12-6). On September 8, 2025, Petitioner filed a petition for a writ of certiorari in the Supreme Court of Alabama, reasserting the sole argument he had raised on appeal to the ACCA. (Doc. # 12-9.) On November 24, 2025, the Alabama Supreme Court denied the petition without opinion and issued a certificate of judgment. (Doc. # 12-10.)

### C. **The Instant Petition for a Writ of Habeas Corpus, Respondent's Answer, Petitioner's Reply, and Supplemental Briefing**

On April 16, 2026,[5] Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. # 1.) Liberally construed, the petition sets forth five grounds for relief. First, Petitioner argues that he was denied effective assistance of trial counsel because counsel failed to investigate and comprehend relevant statutes and U.S. Supreme Court precedent regarding constitutional rights and that this ineffective assistance renders his guilty pleas involuntary. (Doc. # 1 at 5; Doc. # 1-1 at 4, 7.) Second, he claims that "the trial court failed to strictly comply with procedural requirements prior to accepting [his] guilty pleas" by incorrectly stating the minimum and maximum possible sentences and that this failure constitutes reversible error. (Doc. # 1 at 7; Doc. # 1-1 at 4, 11.) Third, he contends that he was denied effective assistance of trial counsel because counsel failed to file a motion to suppress information and evidence gathered as a result of the State's alleged failure to obtain a legal search warrant and supporting affidavit. (Doc. # 1 at 8; Doc. # 1-1 at 4, 12.) Fourth, he asserts that he was denied effective assistance of trial counsel because counsel failed to file a motion to suppress information and

[5] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Petitioner signed his petition under penalty of perjury and dated it "4/16/26." (Doc. # 1 at 15.) Therefore, even though his habeas petition was not received by the court until April 23, 2026, the petition is deemed filed on April 16, 2026.

evidence obtained from his cell phone as a result of his alleged illegal arrest and without a valid warrant thus making the phone's contents "fruit of the poisonous tree." (Doc. # 1 at 10; Doc. # 1-1 at 4, 14.) Fifth, he presents the question of "[w]hether pursuant to 28 [U.S.C.] § 2254(b)[(1)](B)(ii), all claims within [his] Rule 32 petition should be reasserted and incorporated by reference within this [federal habeas] petition" because, he alleges, the Alabama Supreme Court engaged in "conspiracy, fraud, and usurpation of powers" in adopting and promulgating Rule 32.5 of the Alabama Rules of Criminal Procedure. (Doc. # 1-1 at 5, 16; Doc. # 1 at 11.)

On May 18, 2026, Respondent filed an answer and exhibits. (Doc. # 12.) Respondent's primary argument is that the petition should be dismissed with prejudice because it is time-barred. (Doc. # 12 at 3–7.) Alternatively, Respondent argues that Petitioner's claims are unexhausted and procedurally defaulted. (Doc. # 12 at 7–9.)

As directed (Doc. # 13), Petitioner filed a reply (Doc. # 17). In his reply, Petitioner mainly contests Respondent's argument that his petition is time-barred. (Doc. # 17 at 1.) He also disagrees with Respondent's characterization and analysis

of his first and fifth claims. (Doc. # 17 at 2–3.) Finally, he attempts to assert a new claim.[6] (Doc. # 17 at 3–4).

As ordered (Docs. # 20, 28), Respondent filed supplemental briefing (Docs. # 22, 31). In his first supplemental brief, Respondent continues to argue primarily that Petitioner's federal habeas petition is time-barred. (Doc. # 22 at 8–13.) Alternatively, he argues that Petitioner's claims are unexhausted and procedurally defaulted. (Doc. # 22 at 13–14.) In Respondent's second supplemental brief, he reiterates his prior arguments but also argues that Petitioner is not entitled to federal habeas relief because the Alabama state courts' decisions in Petitioner's case are not contrary to, and do not involve an unreasonable application of, clearly established federal law. (Doc. # 22 at 18–24.) Petitioner filed a reply, arguing that his claims are not time-barred or procedurally defaulted because this court ordered Respondent to address the merits.[7] (Doc. # 32 at 2–3.) Petitioner again disputes Respondent's construction and analysis of his claims, and he contends that Respondent's failure to

---

[6] The new claim presented by Petitioner in his reply brief is that his 22-year sentence is illegal because it does not include a 10-year postrelease period of supervision, and the trial court's acceptance of his plea agreement without that supervision period was improper. (Doc. # 17 at 3–4.) The Eleventh Circuit "repeatedly ha[s] admonished" that "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (second alteration in original) (collecting cases). Based on this authority, Petitioner's new argument, presented for the first time in his reply brief, is not properly before the court and will not be considered.

[7] Petitioner's interpretation mischaracterizes the court's Orders for supplemental briefing. Supplemental briefing on the merits was ordered because Petitioner's numerous and overlapping filings in state court made it exceedingly difficult to determine whether a time or procedural bar applies.

construe and analyze his claims the way he deems proper means that Respondent does not deny those claims. (*See* Doc. # 32 at 2–6.)

## IV. STANDARD OF REVIEW

This action is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A writ under 28 U.S.C. § 2254 may issue "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). "The writ of habeas corpus is an extraordinary remedy that guards only against extreme malfunctions in the state criminal justice systems." *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) (cleaned up). "To ensure that federal habeas corpus retains its narrow role, AEDPA imposes several limits on habeas relief, and [the U.S. Supreme Court] ha[s] prescribed several more." *Id.* "And even if a prisoner overcomes all of these limits, he is never entitled to habeas relief. He must still persuade a federal habeas court that law and justice require it." *Id.* (cleaned up).

### A. <u>28 U.S.C. § 2254(b) and (c): Exhaustion and Procedural Default</u>

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1216 (11th Cir. 2022) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)); *see* 28 U.S.C. 2254(b)(1)(A). That is, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." *Freeman*, 46 F.4th at 1217 (citation omitted); *see also Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) ("[T]o exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."). "In the context of a habeas proceeding in the Alabama state courts, one complete round of Alabama's established appellate review process means that the claim must be presented on appeal to the Alabama Court of Criminal Appeals and on petition for discretionary review to the Alabama Supreme Court." *Freeman*, 46 F.4th at 1217. Exhaustion has not occurred if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented" in federal habeas proceedings. 28 U.S.C. § 2254(c).

The exhaustion requirement and procedural default go hand-in-hand. "Strictly speaking, failing to raise an argument in state court is an exhaustion problem, not a procedural default." *Ledford v. Warden, Ga. Diagnostic Prison*, 975 F.3d 1145, 1162 n.11 (11th Cir. 2020). "Generally, procedural default can arise in two ways: (1) when the state court correctly applies a procedural default principle of state law and concludes that the petitioner's federal claims are barred; or (2) when the petitioner 'never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court.'" *Carruth v. Comm'r, Ala. Dep't of Corr.*, 93 F.4th 1338, 1354 (11th Cir. 2024) (quoting *Bailey*

*v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999) (per curiam)). "In the first instance, a federal court must determine 'whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar.'" *Id.* at 1355 (quoting *Bailey*, 172 F.3d at 1303). "In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine." *Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898–899 (11th Cir. 2003) ("A claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991))); *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . .").

**B. <u>Exceptions to Procedural Default</u>**

"The doctrine barring procedurally defaulted claims from being heard is not without exceptions." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). "Procedural default may be overcome . . . by a showing of (1) cause and prejudice; or (2) a fundamental miscarriage of justice." *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1258 (11th Cir. 2013).

Under the "cause and prejudice" exception, "a petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, impeded his efforts" to properly raise his claim in state court. *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (cleaned up); *accord Thomas v. Att'y Gen.*, 992 F.3d 1162, 1185 (11th Cir. 2021). "To demonstrate actual prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Thomas*, 992 F.3d at 1185 (citation and internal quotation marks omitted).

As for the "fundamental miscarriage of justice" exception, "a fundamental miscarriage of justice occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* (cleaned up). Actual innocence "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To demonstrate his actual innocence, a petitioner must show "factual innocence, not

mere legal insufficiency." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

## V. DISCUSSION

This discussion will proceed on a claim-by-claim basis. As set forth below, Claims One through Four are unexhausted and procedurally defaulted, and Claim Five provides no basis for relief in federal habeas proceedings.

### A. Claim One: Ineffective Assistance of Counsel—Failure to Investigate and Comprehend Relevant Statutes and U.S. Supreme Court Precedent Resulting in Involuntary Guilty Pleas

First, Petitioner claims that he was denied effective assistance of trial counsel because counsel failed to investigate and comprehend relevant statutes and U.S. Supreme Court precedent concerning constitutional rights and that this ineffective assistance renders his guilty pleas involuntary. (Doc. # 1 at 5; Doc. # 1-1 at 4, 7.) Respondent argues that this claim is unexhausted and procedurally defaulted (*see* Doc. # 31 at 15–17) and that Petitioner has not demonstrated that he falls under either of the exceptions to procedural default (Doc. # 31 at 17–18). On the merits, Respondent argues that, although Petitioner raised ineffective-assistance claims in his Rule 32 petition (Doc. # 31 at 20–21), Petitioner has not shown that the state courts' decisions regarding those particular claims were "contrary to" or an "unreasonable application of" clearly established federal law—*i.e.*, *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. # 31 at 18–24).

### 1. *Exhaustion and Procedural Default*

Claim One is unexhausted. Petitioner contends that he raised this claim in his Rule 32 petition as Claim V and that he took this claim all the way up to the Alabama Supreme Court. (*See* Doc. # 1-1 at 7.) However, Claim V in Petitioner's Rule 32 petition is titled, "Whether Petitioner was denied effective assistance of counsel due to trial counsel's failure to file a motion to obtain a forensic voice comparison expert against the criminal charges of production of child pornography on the legal premise Petitioner is actually innocent." (Doc. # 12-1 at 15.) Although Petitioner did raise ineffective-assistance claims in his Rule 32 petition, he did not fairly present this specific ineffective-assistance claim in that petition.

> [T]he prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief. For example, habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts.

*Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004). Because Petitioner did not fairly present Claim One in state court, he deprived the state courts of "the first opportunity to hear the claim sought to be vindicated in [this] federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Claim One also is procedurally defaulted. Under Rule 32.2(c) of the Alabama Rules of Criminal Procedure, there is a one-year limitations period for filing Rule

32 petitions for postconviction relief. *See* Ala. R. Crim. P. 32.2(c). Furthermore, Rule 32.2(d) limits when ineffective-assistance-of-counsel claims can be raised:

> Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.

Ala. R. Crim. P. 32.2(d). At this point, an attempt by Petitioner to present Claim One in state court would be futile because he cannot raise an ineffective-assistance claim in an untimely, successive Rule 32 petition. *See Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam) ("[I]f the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.").

**2. *Whether an Exception to Procedural Default Applies***

**a. Cause and Prejudice**

Cause to excuse a procedural default exists when something external to the petitioner impedes his efforts to properly present his claim in state court. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012); *accord Thomas v. Att'y Gen.*, 992 F.3d 1162, 1185 (11th Cir. 2021). Presumably, as cause to excuse the procedural default of Claim One, Petitioner points to his postconviction appellate counsel's "failure to

brief all issues presented by [Petitioner] within his Rule 32 petition as instructed." (Doc. # 1-1 at 11.) However, Petitioner never raised Claim One in his Rule 32 petition, and, thus, Claim One was not available for his postconviction appellate counsel to brief on appeal. Petitioner also appears to blame his nonexhaustion and subsequent default of Claim One on the ACCA allowing his counsel to withdraw but denying his motion "to submit a pro se supplemental brief." (Doc. # 1-1 at 11.) But because Petitioner never raised Claim One in his Rule 32 petition, the fact that the ACCA allowed his counsel to withdraw but did not allow him to file supplemental briefing is immaterial and is not sufficient cause to excuse the procedural default of this claim.

Therefore, Petitioner's failure to present Claim One in state court is his fault, not the fault of his postconviction appellate counsel or the ACCA. Because Petitioner cannot show that something external impeded his efforts to present Claim One, he has not shown that cause exists to excuse the procedural default of this claim. Because Petitioner has not shown cause, whether he could demonstrate actual prejudice will not be addressed.

**b. Fundamental Miscarriage of Justice (Actual Innocence)**

Petitioner does not explicitly claim that he is actually innocent. He simply says that, but for his counsel's advice "given in ignorance," he would not have pleaded guilty and "would have insisted on a trial and/or dismissal of charges."

(Doc. # 1-1 at 8.) This argument is not enough to meet the "exceedingly narrow" actual innocence exception. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

As a preliminary note, whether the actual innocence exception extends to noncapital sentencing errors or to convictions obtained by guilty plea is unsettled in the Eleventh Circuit. In *McKay v. United States*, the Eleventh Circuit did not reach the issue of "whether the actual innocence exception extends to the noncapital sentencing context" because "[e]ven assuming that this exception does extend beyond the capital sentencing context, it still does not apply to [the petitioner] because his claim is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." 657 F.3d 1190, 1198 (11th Cir. 2011); *accord Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012) (per curiam).

Additionally, an admission of guilt by guilty plea "constitute[s] a formidable barrier in any subsequent collateral proceedings" because "the representations of the defendant, his lawyer, and the prosecutor at [a guilty-plea] hearing . . . carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see, e.g.*, *McKeithen v. Billips*, 2014 WL 5679300, at *5 (N.D. Ala. Nov. 3, 2014) ("There is no support for the 'actual innocence' gateway in a case, as here, in which the

petitioner pleaded guilty to the offense. A plea of guilty raises a powerful presumption that the petitioner, in fact, is guilty.”).

Even if the actual innocence exception applies to convictions, like Petitioner’s, obtained by guilty plea, Petitioner has not shown his “factual innocence.” *Johnson v. Fla. Dep’t of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (citation omitted). That is, Petitioner has not offered any new evidence to “show that it is more likely than not that no reasonable juror would have convicted him.” *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The caselaw and statutory provisions cited by Petitioner to support his argument all predate his August 7, 2023 guilty pleas and, thus, are not the type of “new” evidence that would allow Petitioner to demonstrate that no reasonable juror would have convicted him.

**3. *Claim One Summary***

In sum, Claim One is unexhausted and procedurally defaulted, and Petitioner has not shown that he meets either exception to procedural default. Consequently, Claim One is barred from federal habeas review, and Petitioner is not entitled to relief on this claim.

**B. <u>Claim Two: The Trial Court's Failure to Strictly Comply with Procedural Requirements Prior to Accepting Petitioner's Guilty Pleas by Incorrectly Stating the Minimum and Maximum Possible Sentences</u>**

Second, Petitioner claims that "the trial court failed to strictly comply with procedural requirements prior to accepting [his] guilty pleas" by incorrectly stating the minimum and maximum possible sentences. This failure, Petitioner contends, makes his guilty pleas involuntary and the state court's acceptance thereof reversible error. (Doc. # 1 at 7; Doc. # 1-1 at 4, 11.) Respondent argues that this claim is unexhausted and procedurally defaulted (*see* Doc. # 31 at 15–17) and that Petitioner has not demonstrated that he falls under either exception to procedural default (Doc. # 31 at 17–18). Respondent also argues that Claim Two is meritless. (Doc. # 31 at 23–24.)

**1. *Exhaustion and Procedural Default***

Claim Two is plainly unexhausted. Petitioner never presented this claim in state court and, thus, he deprived the state courts of "the first opportunity to hear the claim sought to be vindicated in [this] federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). On his form habeas petition, Petitioner wrote the following as his explanation for not exhausting this claim: "Petitioner did not receive [his guilty-plea] colloquy until receiving [the] State's response[,] and [his] R[ule] 32 petition was summarily dismissed app[roximately] four hours after the State filed its motion [to dismiss]." (Doc. # 1 at 7.) However, not receiving his plea

colloquy transcript until just before the summary dismissal of his Rule 32 petition does not excuse Petitioner's failure to take this claim through "one complete round of Alabama's established appellate review process." *Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1217 (11th Cir. 2022).

Claim Two also is procedurally defaulted. Rule 32.2(c) of the Alabama Rules of Criminal Procedure imposes a one-year limitations period for filing Rule 32 petitions for postconviction relief. *See* Ala. R. Crim. P. 32.2(c). Rule 32.2(b) limits the filing of successive Rule 32 petitions. *See* Ala. R. Crim. P. 32.2(b). Given these procedural rules, if Petitioner now tried to assert this claim in a Rule 32 petition, that attempt would be futile because that petition would be untimely, successive, or both. *See, e.g.*, *Fincher v. State*, 837 So. 2d 876, 878 (Ala. Crim. App. 2002) ("Claims relating to the voluntariness of guilty pleas are not jurisdictional and, therefore, are subject to the procedural bars of Rule 32.2, Ala. R. Crim. P.").

### 2. *Whether an Exception to Procedural Default Applies*

#### a. Cause and Prejudice

Petitioner seems to try to show cause for his failure to raise Claim Two in state court by saying that he did not receive the transcript of his guilty-plea colloquy until just before his Rule 32 petition was dismissed. (Doc. # 1 at 7.) Even if it is assumed that Petitioner's nonreceipt of the plea colloquy transcript was not his fault, Petitioner's failure to properly raise Claim Two, which he bases on the contents of

that transcript, in any subsequent state-court proceedings is his fault. Accordingly, Petitioner has not shown that some objective factor external to him impeded his efforts to raise the claim properly in state court. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012); *accord Thomas v. Att'y Gen.*, 992 F.3d 1162, 1185 (11th Cir. 2021). Because Petitioner has not shown cause, the prejudice prong will not be addressed.

**b. Fundamental Miscarriage of Justice (Actual Innocence)**

Petitioner argues that, but for his trial counsel's advice, "he would not have pled guilty and i[n]sisted on a trial as he is actually innocent of the charged offenses." (Doc. # 1-1 at 12.) However, Petitioner's conclusory assertion of his actual innocence is insufficient to overcome the procedural bar. To meet this exception, Petitioner would need to show his "*factual* innocence, not mere legal insufficiency." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (emphasis added) (citation omitted). Petitioner has not identified any new evidence to "show that it is more likely than not that no reasonable juror would have convicted him." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has pointed to what, at best, may amount to a legal insufficiency in his plea colloquy; he has not demonstrated that there is new evidence of his actual, factual innocence so as to overcome the procedural bar.

### 3. *Claim Two Summary*

In sum, Claim Two is unexhausted and procedurally defaulted, and Petitioner has not shown that he meets either exception to procedural default. Consequently, Claim Two is barred from federal habeas review, and Petitioner is not entitled to relief on this claim.

## C. Claim Three: Ineffective Assistance of Counsel—Failure to Suppress Information and Evidence Gathered as a Result of the State's Alleged Failure to Obtain a Legal Search Warrant and Supporting Affidavit

Third, Petitioner claims he was denied effective assistance of trial counsel because counsel failed to file a motion to suppress information and evidence gathered as a result of the State's alleged failure to obtain a legal search warrant and supporting affidavit. (Doc. # 1 at 8; Doc. # 1-1 at 4, 12.) Specifically, Petitioner contends that the affidavit in support of the search warrant was not authenticated and that neither the affidavit nor the warrant is retained anywhere within the Dale County clerk's office. (Doc. # 1-1 at 4, 12.) Respondent argues that this claim is unexhausted and procedurally defaulted (*see* Doc. # 31 at 15–17) and that Petitioner has not demonstrated that he falls under either of the exceptions to procedural default (Doc. # 31 at 17–18). On the merits, Respondent acknowledges that Petitioner raised, at least, a similar claim in his Rule 32 petition (Doc. # 31 at 20) but argues that Petitioner has not shown that the state courts' decisions regarding that claim

were "contrary to" or an "unreasonable application of" clearly established federal law—*i.e.*, *Strickland v. Washington*, 466 U.S. 668 (1984) (*see* Doc. # 31 at 18–24).

**1. *Exhaustion and Procedural Default***

Claim Three is unexhausted. Petitioner arguably raised this claim in his Rule 32 petition as Claim IV. (*See* Doc. # 12-1 at 14.) But he did not take this claim through "one complete round of Alabama's established appellate review process." *Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1217 (11th Cir. 2022). That is, he did not present this claim to the ACCA or on petition for discretionary review to the Alabama Supreme Court. *See id.*

Claim Three also is procedurally defaulted. Rule 32.2(c) of the Alabama Rules of Criminal Procedure imposes a one-year limitations period for filing Rule 32 petitions for postconviction relief. *See* Ala. R. Crim. P. 32.2(c). Rule 32.2(d) of the Alabama Rules of Criminal Procedure prevents Petitioner from raising this ineffective-assistance claim in what would now be a successive Rule 32 petition. *See* Ala. R. Crim. P. 32.2(d). Any attempt by Petitioner to present Claim Three in state court would be futile because he cannot raise an ineffective-assistance claim in an untimely, successive Rule 32 petition. *See Henderson v. Campbell*, 353 F.3d 880, 898–899 (11th Cir. 2003) ("A claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet

the exhaustion requirement would now find the claims procedurally barred.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991))).

### 2. *Whether an Exception to Procedural Default Applies*

#### a. Cause and Prejudice

Liberally construing his arguments, Petitioner appears to use the fact that he "requested appellate counsel to brief ALL issues within [his] R[ule] 32 petition" but counsel "briefed only one issue" (Doc. # 1-1 at 13; Doc. # 1 at 10) as cause to excuse the procedural default of Claim Three. Petitioner also contends that the ACCA allowed his appellate counsel to withdraw but denied Petitioner's "motion to file a pro se supplemental brief." (Doc. # 1-1 at 13.)

First, the general rule is that "[b]ecause a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default." *Davila v. Davis*, 582 U.S. 521, 524 (2017) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). In *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), the United States Supreme Court identified a narrow exception to the general rule:

> That exception treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal.

*Davila*, 582 U.S. at 524–25. In the Eleventh Circuit, whether the *Martinez*/*Trevino* exception applies is a four-prong inquiry:

> [The exception] applies only where (1) state law requires a prisoner to raise ineffective-trial-counsel claims during an initial collateral proceeding and precludes those claims during direct appeal; (2) the prisoner failed to properly raise ineffective-trial-counsel claims during the initial collateral proceeding; (3) the prisoner either did not have counsel or counsel was ineffective during those initial state collateral proceeding; and (4) failing to excuse the prisoner's procedural default would result in the loss of a "substantial" ineffective-trial-counsel claim.

*Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1164 (11th Cir. 2017).

To the extent Petitioner attempts to argue that he falls under the *Martinez*/*Trevino* exception, his argument fails at the first prong. Alabama does not require that claims of ineffective assistance of trial counsel be raised in state postconviction proceedings. In fact, the Alabama Rules of Criminal Procedure expressly provide multiple avenues for raising ineffective-assistance claims. *See* Ala. R. Crim. P. 32.2(d) ("Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition."). Accordingly, the narrow *Martinez*/*Trevino* exception does not apply to Petitioner, and his postconviction appellate counsel's alleged ineffective assistance does not amount to cause for Petitioner to overcome the default of his ineffective-assistance-of-trial-counsel claim.

Petitioner's claim that his postconviction appellate counsel dropped the ball by not briefing all the issues raised in his Rule 32 petition on appeal goes hand-in-hand with his claim that the ACCA refused to allow him to file a *pro se* supplemental brief. Cause to excuse a procedural default exists when something external to the petitioner impedes his efforts to properly present his claim in state court. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012). "Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" *Id.* "Because the attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent." *Id.* at 280–81 (cleaned up). In *Maples*, the U.S. Supreme Court held that a petitioner whose postconviction attorney missed the deadline to file a notice of appeal to the ACCA was "bound by the oversight" and could not use that oversight to establish cause. *Id.* at 281. Here, Petitioner bore the risk of his postconviction appellate counsel omitting certain claims from his initial brief on appeal thus barring him from asserting those omitted claims in later filings. He cannot now use that oversight and the ACCA's application of a state procedural rule to disallow his delayed assertion of the claims as cause to excuse procedural default.

Because Petitioner has not shown cause, whether he could demonstrate actual prejudice will not be addressed.

**b. Fundamental Miscarriage of Justice (Actual Innocence)**

None of the allegations asserted by Petitioner with respect to Claim Three indicates an attempt to argue his actual innocence so as to overcome the procedural default of this claim. In any case, a claim that trial counsel failed to file a suppression motion is a challenge to the admissibility of trial evidence and the legal process by which Petitioner's convictions were obtained; it is not a showing that Petitioner did not commit the underlying offenses.

**3. *Claim Three Summary***

In sum, Claim Three is unexhausted and procedurally defaulted; Petitioner has not shown that he meets the cause and prejudice exception to procedural default; and he has not argued that the actual innocence exception applies. Consequently, Claim Three is barred from federal habeas review, and Petitioner is not entitled to relief on this claim.

**D. Claim Four: Ineffective Assistance of Counsel—Failure to Suppress Information and Evidence Obtained from Petitioner's Cellphone as a Result of His Alleged Illegal Arrest and Without a Valid Warrant**

Fourth, Petitioner claims he was denied effective assistance of trial counsel because counsel failed to file a motion to suppress information and evidence obtained from Petitioner's cellphone as a result of his alleged illegal arrest and without a valid warrant thus making the phone's contents "fruit of the poisonous tree." (Doc. # 1 at 10; Doc. # 1-1 at 4, 14.) Respondent argues that this claim is

unexhausted and procedurally defaulted (*see* Doc. # 31 at 15–17) and that Petitioner has not demonstrated that he falls under either of the exceptions to procedural default (Doc. # 31 at 17–18). On the merits, Respondent acknowledges that Petitioner raised, at least, a similar claim in his Rule 32 petition (Doc. # 31 at 21) but argues that Petitioner has not shown that the state courts' decisions regarding that claim were "contrary to" or an "unreasonable application of" clearly established federal law—*i.e.*, *Strickland v. Washington*, 466 U.S. 668 (1984) (*see* Doc. # 31 at 18–24).

**1. *Exhaustion and Procedural Default***

Claim Four is unexhausted and procedurally defaulted. Although Petitioner raised this claim in his Rule 32 petition as Claim VII (*see* Doc. # 12-1 at 22), the claim is unexhausted because he did not take it through "one complete round of Alabama's established appellate review process." *Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1217 (11th Cir. 2022).

Additionally, Claim Four is procedurally defaulted. Rule 32.2(c) of the Alabama Rules of Criminal Procedure imposes a one-year limitations period for filing Rule 32 petitions for postconviction relief. *See* Ala. R. Crim. P. 32.2(c). Rule 32.2(d) of the Alabama Rules of Criminal Procedure prevents Petitioner from raising this ineffective-assistance claim in what would now be a successive Rule 32 petition. *See* Ala. R. Crim. P. 32.2(d). It would be futile for Petitioner to now try to raise Claim Four in state court because he cannot raise an ineffective-assistance claim in

an untimely, successive Rule 32 petition. *See Henderson v. Campbell*, 353 F.3d 880, 898–899 (11th Cir. 2003) ("A claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991))).

**2. *Whether an Exception to Procedural Default Applies***

**a. Cause and Prejudice**

The closest Petitioner comes to arguing cause to excuse the procedural default of Claim Four is that his "appellate counsel did not brief this issue as instructed, and the [ACCA] denied a pro se supplemental brief when requested, but allowed appellate counsel to withdraw." This argument is unavailing for the same reasons explained in Part V.C.2.a.

**b. Fundamental Miscarriage of Justice (Actual Innocence)**

None of the allegations asserted by Petitioner with respect to Claim Four indicates an attempt to argue his actual innocence so as to overcome the procedural default of this claim. In any event, a claim that trial counsel failed to file a suppression motion is a challenge to the admissibility of trial evidence and the legal process by which Petitioner's convictions were obtained; it is not a showing that Petitioner did not commit the underlying offenses.

### 3. *Claim Four Summary*

In sum, Claim Four is unexhausted and procedurally defaulted; Petitioner has not shown that he meets the cause and prejudice exception to procedural default; and he has not argued that the actual innocence exception applies. Consequently, Claim Four is barred from federal habeas review, and Petitioner is not entitled to relief on this claim.

## E. <u>Claim Five: "Whether pursuant to 28 [U.S.C.] § 2254(b)[(1)](B)(ii), all claims within Petitioner's Rule 32 petition should be reasserted and incorporated by reference within this [federal habeas] petition" because, he alleges, the Alabama Supreme Court engaged in "conspiracy, fraud, and usurpation of powers" in adopting and promulgating Rule 32.5 of the Alabama Rules of Criminal Procedure</u>

Finally, Petitioner questions "[w]hether pursuant to 28 [U.S.C.] § 2254(b)[(1)](B)(ii),[8] all claims within [his] Rule 32 petition should be reasserted and incorporated by reference within this [federal habeas] petition" because, he alleges, the Alabama Supreme Court engaged in "conspiracy, fraud, and usurpation of powers" in adopting and promulgating Rule 32.5 of the Alabama Rules of Criminal Procedure.[9] (Doc. # 1-1 at 5, 16; Doc. # 1 at 11.) For the reasons to follow, this claim is not a cognizable under 28 U.S.C. § 2254.

---

[8] Section 2254(b)(1)(B)(ii) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . circumstances exist that render [the] process [of exhausting available state remedies] ineffective to protect the rights of the applicant."

[9] Rule 32.5 of the Alabama Rules of Criminal Procedure governs venue for Rule 32 petitions. Pursuant to Rule 32.5, Rule 32 petitions "shall be filed in and decided by the court in which the

The Eleventh Circuit "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases). Challenges to state collateral proceedings do not provide a basis for federal habeas relief because such challenges "do[] not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself—and thus habeas relief is not an appropriate remedy." *Id.* "Furthermore, such challenges often involve issues of state law, and a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Alston v. Dep't of Corr.*, 610 F.3d 1318, 1326 (11th Cir. 2010) (cleaned up).

Petitioner argues that the Alabama Supreme Court was barred from creating and promulgating Rule 32.5 by Amendment 328, § 6.11 of the Alabama Constitution and § 12-2-7(4) of the Alabama Code. (Doc. # 1-1 at 16.) He also argues that he "could not receive a fair and just determination of his postconviction endeavors due to circumvention of his legislative[ly] created right[s] pursuant Ala. Code 1975, § 15-21-6(b)."[10] (Doc. # 1-1 at 16.) These arguments "do[] not attack the validity of the fact or length of [Petitioner's] confinement." *Alston*, 610 F.3d at 1336.

---

petitioner was convicted" and, if a Rule 32 petition "is filed in another court, it shall be transferred to the court where the conviction occurred." Ala. R. Crim. P. 32.5.

[10] Alabama Code § 15-21-6(b) provides that, for a state habeas petition, "the petition must be addressed to the nearest circuit court judge." Ala. Code § 15-21-6(b). This provision does not apply to Rule 32 petitions.

Rather, they challenge the state court's recharacterization of Petitioner's postconviction petitions as Rule 32 petitions and the transfer of those petitions pursuant to Rule 32.5. Thus, Petitioner's arguments "concern[] the state's application of its own post-conviction procedures, not the legality of [his] detention." *Id.* Accordingly, this challenge by Petitioner to his state postconviction proceedings and the alleged defect of the venue provision in Rule 32.5 do not provide a basis for federal habeas relief.

## VI. CONCLUSION

In this federal habeas petition, Claims One through Four are unexhausted and procedurally defaulted, and Claim Five does not provide a basis for federal habeas relief. As to Claims One through Four, Petitioner has not shown that either exception to procedural default applies. Therefore, the claims presented by Petitioner are barred from federal habeas review, and this court will not reach the merits of those claims. Consequently, the petition will be dismissed with prejudice.

A prisoner seeking a writ of habeas corpus does not have an automatic right to appeal a district court's denial of the petition. *See* 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Petitioner has not shown "that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* § 2253(c). Therefore, Petitioner will be denied a certificate of appealability.

Based on the foregoing, it is ORDERED that

(1) Petitioner Daniel J. Gilley's 28 U.S.C. § 2254 petition is DISMISSED with prejudice;

(2) Petitioner is DENIED a certificate of appealability; and

(3) Petitioner's motions for extensions of time (Docs. # 25, 27) are DENIED as moot.

Final judgment will be entered separately.

DONE this 10th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE