IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL J. GILLEY, AIS # 334630, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-CV-284-WKW |
| | ) | [WO] |
| THEODORE WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the court are Petitioner Daniel J. Gilley's *pro se* motion for copies (Doc. # 38) and motion for an extension of time (Doc. # 37). For the reasons to follow, the motion for copies will be granted, and the motion for an extension of time will be granted in part and denied in part..

**A. Motion for Copies**

On November 10, 2026, Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus was dismissed with prejudice, and final judgment was entered. (Docs. # 33, 34.) In his motion for copies, Petitioner represents that he only received pages one through eleven of the thirty-four page Memorandum Opinion and Order (Doc.

# 34).[1] His motion for copies will be granted, and the missing pages will be provided.

Accordingly, it is ORDERED that Petitioner's motion for copies (Doc. # 38) is GRANTED. The Clerk of Court is DIRECTED to mail Petitioner at no cost a complete copy of the Memorandum Opinion and Order and the Final Judgment entered on November 10, 2026 (Docs. # 33, 34).

**B. <u>Motion for an Extension of Time</u>**

Because Petitioner represents that he did not receive the full Memorandum Opinion and Order, he requests an additional fourteen days "to submit a response to" that order. (Doc. # 37.) To the extent Petitioner is requesting an extension of the deadlines to file a motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, Rule 6(b)(2) prohibits extensions of those deadlines. *See* Fed. R. Civ. P. 6(b)(2). Accordingly, it is ORDERED that Petitioner's motion for an extension of the deadlines to file Rule 59(e) or Rule 60(b) motions is DENIED.

However, to the extent that Petitioner is requesting an extension of the deadline to file a notice of appeal, he has met the requirements of Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure for such an extension. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner must file a notice of appeal

---

[1] It is unclear how Petitioner knows that the Memorandum Opinion and Order dismissing his petition is 34 pages, but he is correct.

within thirty days after the entry of final judgment. As to an extension of that deadline, Rule 4(a)(5)(A) provides that "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)–(ii). First, Petitioner's motion for an extension of the appeal deadline is deemed filed on November 16, 2026, which falls within the sixty-day period for seeking an extension to file a notice of appeal, Fed. R. App. P. 4(a)(1); therefore, the motion is timely. (*See* Doc. # 37 at 1); *see also Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."); *see also* Fed. R. App. P. 4(c) (governing the filing of an appeal by an inmate confined in an institution). Second, Petitioner has shown good cause for an extension based on his representation that he did not receive the Memorandum Opinion and Order in its entirety.

For the foregoing reasons, it is ORDERED that Petitioner's motion for an extension of time to file a notice of appeal (Doc. # 37) is GRANTED, and the deadline for Petitioner to file a notice of appeal is extended **to and including January 8, 2027**.

DONE this 24th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE